IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL M. OLSON,

                Plaintiff,                         ORDER

    v.

                                                     22-cv-562-wmc

SAUK COUNTY, et al.,

                Defendants.

---

*Pro se* plaintiff Daniel M. Olson is former corporation counsel for defendant Sauk County. He filed this lawsuit against the county and 58 other defendants asserting 20 different federal and state law claims based on alleged events during his tenure as corporation counsel. Six non-county defendants have filed a motion to dismiss. (Dkt. #13.) The 44 county defendants, including Sauk County and current and former board supervisors, officers, and personnel, have also filed a motion to dismiss, and assert that their motion "sets forth a basis for dismissal as to all defendants." (Dkt. ##5; 6 at 8.) Of the remaining 9 defendants, the 8 law firms and lawyers ask the court to screen the complaint and dismiss it for failure to comply with Federal Rules of Civil Procedure 8 and 20, or to sever this lawsuit under Rule 21.[1] (Dkt. #24.)

The court will deny the motion. These defendants are correct that the court may *sua sponte* screen and dismiss complaints filed by non-prisoner litigants who have paid the entire filing fee, but it did not do so here. Having reviewed the complaint, the court cannot conclude that it violates Rule 8 with respect to these legal defendants and without a more

---

[1] Defendants Colin Good and Hawks Quindel filed the motion, which was joined by defendants Von Briesen and Roper, Jackson Lewis, Ronald Stadler, Richard Cross, Benoit Letendre, and Cross, Jenks Mercer & Maffei, LLP. (Dkt. ##24, 34, 39, 46.)

specific argument as to how. Olson states specific allegations against the lawyer defendants (Letendre, Cross, Good, Stadler) and alleges that their respective law firms negligently hired, trained, or supervised them. (*E.g.*, dkt. #1 at ¶¶ 151-69, 155, 173, 204, 205, 207-10, 215, 253, 256, 258, 586-600.) Although defendants question the merits of Olson's claims, he explains what he believes they each did to violate his rights.

Whether the complaint violates Rule 20 and whether this lawsuit should therefore be severed under Rule 21 is the better question given the number of defendants. The legal defendants argue that misjoinder and administrability concerns are plainly evident. Olson counters that defendants' arguments on this point are skeletal, and that he has alleged "sufficient commonality of transactions and occurrences designed to interfere with [his] employment and prevent inquiry into Sauk County government corruption." (Dkt. #42 at 10.) But this is not a debate the court needs to wade into right now given the two motions to dismiss that, once adjudicated, could dispose of this case as to all defendants or significantly narrow its scope. For now, the court will reset briefing on these two motions. The remaining defendants' deadlines to answer the complaint shall remain stayed pending the court's resolution of the pending motions to dismiss (dkt. ##5, 13).

ORDER

IT IS ORDERED that:

1) Defendants Colin Good and Hawks Quindel's motion for screening of the complaint (dkt. #24) is DENIED without prejudice.

2) Plaintiff's combined response to the pending motions to dismiss (dkt. ##5, 13) is due by May 9, 2023, and defendants may reply by May 19, 2023.

3) Defendants Colin Good, Hawks Quindel, Von Briesen and Roper, Jackson Lewis, Ronald Stadler, Richard Cross, Benoit Letendre, and Cross, Jenks Mercer & Maffei, LLP, deadlines to answer the complaint remain STAYED pending the court's ruling on the motions to dismiss.

Entered this 18th day of April, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge