IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

DANIEL M. OLSON,

       Plaintiff,

v.                                                                 Case No. 22-cv-562

SAUK COUNTY, et al.

       Defendants.
_____

**PLAINTIFF'S MOTION
TO DISQUALIFY THE ATTOLLES LAW LLC LAW FIRM, ATTORNEY
MATHEW THOME & ATTORNEY SCOTT WAGNER & FOR OTHER**
_____

    **NOW COMES** Plaintiff and hereby moves the Court for immediate disqualification of the Attolles Law LLC law firm (Attolles), Attorney Mathew Thome (Thome) and Attorney Scott Wagner (Wagner) as defense counsel for fifty-three defendants in this action and for other related relief.

    The Supreme Court has made it clear that a federal court's decision to admit to practice or discipline an attorney arises from an exercise of that court's inherent power. *In Re Snyder*, 472 U.S. 634, 645 n. 6, 105 S.Ct. 2874, 2881 n.6, 86 L.Ed.2d 504 (1985). Thus, this Court has broad discretion to award Plaintiff the relief he requests. *See Cooter Gell v. Hartmarx Corp.*, 496 U.S. 384, 404, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). And when "deciding the appropriate sanctions for ethical violations . . . it is appropriate to consider the seriousness of the violations and whether the violations were intentional, as well as the nature and extent of prejudice suffered or likely to be suffered by the parties in the future as a result of the violation." *In re Air Crash Near Roselawn, Ind.*, 909 F. Supp. 1116, 1124-25 (N.D. Ill. 1995); citing *In re American Airlines, Inc.*, 972 F.2d 605, 611 (5th Cir. 1992).

    **WHEREFORE**, on this Motion and Plaintiff's Brief in Support of Plaintiff's Motion to Disqualify the Attolles Law LLC Law Firm, Attorney Mathew Thome, Attorney Scott Wagner & For Other Relief, and the Declaration of Daniel M. Olson, which are incorporated herein, Plaintiff respectfully requests that the Court issue an order:

    1. Disqualifying Thome, Wagner, the Attolles firm and any lawyer associated with the Attolles

firm in any capacity immediately and permanently from representing any party in this matter;

2. Directing Attolles and every lawyer and employee thereof to catalogue and describe every document, email, text, note, phone message or other work product item in its possession before, on or after September 30, 2022, related to this matter or any issue therein and submit such catalogue and description to the Court under oath and penalty of perjury with copy to Mr. Olson;

3. Prohibiting any release or disclosure by any Attolles lawyer, employee or agent thereof of any document, email, text, note, phone message or other work product item in its possession before, on or after September 30, 2022, related to this matter or any issue therein to any person including any defendant or counsel thereof in this matter other than publicly accessible work product filed with the court on or after December 5, 2022;

4. Prohibiting all use of any document, email, text, note, phone message or other work product item created before, on or after September 30, 2022, by any Attolles lawyer, employee, or agent related to this matter or any issue therein by any defendant or counsel thereof in this matter except publicly accessible work product filed with the court on or after December 5, 2022;

5. Directing the Sauk County Board (but not including any Board member who is a defendant in this lawsuit) to immediately and publicly solicit and secure, at County expense and with the assistance of at least one licensed Wisconsin attorney with significant local government experience who shall receive a copy of the Court's order from the County and who does not have any prior or current official relationship with Sauk County, WCMIC, Aegis or any other defendant in this matter, competent, impartial and county-government experienced defense counsel for Sauk County and only Sauk County in this matter;

6. Prohibiting every member of the Sauk County Board who is not a defendant in this matter from making, participating, or otherwise affecting any defense counsel selection or representation decision by any party in this matter except the selection decision for Sauk County specified in paragraph 5 and representation decisions with counsel advice for the Sauk County organization thereafter;

7. Prohibiting every member of the Sauk County Board who is a defendant in this matter from

making, participating, or otherwise affecting any defense counsel selection or representation decision by any party in this matter except their own personal selection decision and personal representation decisions;

8. Prohibiting every Sauk County official, employee or agent who is not a County Board supervisor and is not a party to this action from making, participating, or otherwise affecting any defense counsel selection or representation decision by any party in this matter including the Sauk County Board selection decision and County representation decisions specified in paragraph 5;

9. Prohibiting WCA and WCMIC, and any officer, employee or agent thereof, from making, participating, or otherwise affecting any defense counsel selection or representation decision by any party in this matter except a joint representation counsel selection and representation decision for WCA and WCMIC;

10. Prohibiting Aegis, and any officer, employee, or agent thereof, from making, participating, or otherwise affecting any defense counsel selection or representation decision by any party in this matter except a joint representation counsel selection and representation decision for Aegis and Bisek;

11. Informing each defendant previously represented by ATW of their right to independently select defense counsel for themselves or in permitted combinations;

12. Limiting joint representation, joint defense agreements and all other cooperative defense arrangements to only the following defendants within the specified groups: WCMIC Defendants (WCA, WCMIC); Aegis Defendants (Aegis, Bisek); Current High- Risk Supervisors (Deitrich, Hazard, Gruber, Krueger, Lohr, McAuliffe, McCumber, Peper); Current At-Risk Supervisors (Chrisler, Detter, Dorner, Eberl, Flint, Kinsman, Klitzke, Polivka, Scanlon, Schell, T. Spencer, Stevens); Former High-Risk Supervisors (Braunschweig, Bychinski, Curry, Czuprynko, Stehling, C. Spencer, and Whitsell ); and Former At-Risk Supervisors (Gibson, Nelson, Rego, Reppen, Riek, White Eagle);

13. Prohibiting joint representation, joint defense agreements and all other cooperative defense arrangements in this matter and requiring independent legal counsel in this matter for Sauk County, Boehlke, Bolin, Crammond, Curtis, Desmond, Evert, Meister, O'Rourke, Phillips, Posewitz, Rehfeldt, Stadler, and Witecha;

14. Directing each defendant affected by the ATW disqualification order to notify the

Court within ten (10) days of his/her intent to seek and secure defense counsel or proceed *pro se*;

15. Directing each defendant who notifies the Court of their intent to seek and secure defense counsel to do so within twenty-one (21) days or waive such option except upon good cause shown for noncompliance;

16. Directing WCMIC to pay defense counsel costs in this matter, including all reasonable attorney fees, incurred by any defendant in this matter who is a WCMIC insured and without regard to any WCMIC reimbursement schedule or limitation under or associated with WCMIC's insurance agreement with Sauk County;

17. Prohibiting WCA, WCMIC, and Aegis and every officer, employee or agent thereof from managing, influencing or otherwise interfering or attempting to so interfere with any representation decision by any WCMIC insured or their counsel in this matter;

18. Prohibiting every Sauk County official or employee who is a defendant in this matter from managing, influencing or otherwise interfering or attempting to so interfere with any representation decision by Sauk County or any other defendant in this action;

19. Prohibiting every Sauk County official, employee or agent, who is not a defendant in this matter and who is not a County Board supervisor, from managing, influencing or otherwise interfering or attempting to so interfere with any representation decision by Sauk County or any other defendant in this action;

20. Directing the lawyer designated by the Sauk County Board to represent Sauk County in this matter in lieu of the Sauk County Corporation Counsel to immediately report any act or omission by anyone that is or might be reasonably deemed management, influence or interference or an attempt to so manage, influence or interfere with his/her representation of Sauk County in this matter contrary to the restrictions stated in paragraphs 17, 18 or 19;

21. Directing defendant Stadler to immediately disclose to Mr. Olson every text, email, video, document or other item that contains any information related to Stadler's investigation of the Sauk County Lighthouse complaints against Mr. Olson and any related matter and file an affidavit with the Court stating under oath and penalty of perjury detailing who, what, when where and why Stadler disclosed or shared such information with any other person and that Stadler has rendered every such text, email, video, document or other

item that contains any information related to Stadler's investigation of the Sauk County Lighthouse complaints against Mr. Olson and any related matter inaccessible to and unusable by anyone by destroying it;

22. Directing every defendant in this matter to catalogue every piece of confidential Sauk County government information about Mr. Olson they have accessed or received at any time from any source, provide Mr. Olson with a copy of the catalogue, file a copy of the catalogue with the Court under oath and penalty of perjury that it is complete and the defendant rendered such information inaccessible to and unusable by anyone by destroying it;

23. Prohibiting all sharing and all use of any confidential Sauk County government information concerning Mr. Olson in this matter by any defendant or any other person for any purpose without Mr. Olson's explicit consent in writing; and

24. Directing every defendant previously represented by ATW in this matter to immediately file with the Court a report under oath and penalty of perjury and with copy to Mr. Olson detailing when, where and how they fully complied with their duty to preserve and protect all electronically stored information in their possession or under their control on or after related to this matter.

DATED this 5th day of December 2023.

*Electronically signed by Daniel M. Olson*
Daniel M. Olson
4700 Dale Street
Unit 202
McFarland, WI 53558
Tel. 608.520.2440
Email: olsonvsaukcounty@gmail.com
*Plaintiff pro se*
